HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TAMARA BUDDLE-VLASYUK,

           Plaintiff,

   v.

THE BANK OF NEW YORK MELLON, et al.,
           Defendants.

No. CV11-5561-RBL

ORDER DENYING MOTIONS FOR TRO AND PRELIMINARY INJUNCTIONS
[Dkt. #s 2, 3, 5, and 6]

    This matter is before the court on a series of Motions for Temporary Restraining Orders and Preliminary Injunctions filed by Plaintiff Tamara Buddle-Vlasyuk [Dkt. #s 2, 3, 5, and 6]. Plaintiff seeks to restrain and enjoin the Defendants from pursuing foreclosure on her Property. Her Complaint and initial Motions were filed July 21, and were amended (and apparently served) on July 25. The sale was originally scheduled for July 29.

    Plaintiff claims to be the "party of record with exclusive possessory rights to Property commonly known as 7202 Meadow Park Road West, Lakewood, WA, 98499. She claims to be the "author' of the unregistered/unsecured Note referenced in the "Deed of Trust" encumbering the Property (*See* Pierce County AFN 200604051025). She claims the Note and/or Deed of Trust were not properly registered under the Uniform Commercial Code, though she does not allege what was required, or why. Plaintiff seeks to restrain and enjoin the impending foreclosure of the Property by some or all of the Defendants.

ORDER - 1

Plaintiff's Complaint, Memorandum in Support of Complaint [Dkt. #1], Motions [Dkt. #s 2, 3, 5 and 6] and supporting Affidavits [Exhibits to Dkt. #1] contain the following general contentions:

- Plaintiff denies that she has defaulted on the subject loan
- Plaintiff denies default has been proven
- Plaintiff denies that default can be proven
- Plaintiff denies the authenticity of the purported Note
- Plaintiff denies that she signed the purported Note, or at least that it is not clear the Note at issue is the one referenced in the Deed of Trust.
- Defendants have produced no valid enforceable perfected security interest in the Property.

Plaintiff has also filed a Memorandum in Support of her Complaint [Ex. 1 to Dkt. #1] which appears to be taken largely from one of the many "self help" websites related to avoiding foreclosure. It purports to list a variety of laws and legal opinions relating to the potential tax consequences of transferring a promissory note such as the one the Plaintiff admits signing. It also quotes extensively from Black's Law Dictionary and Wikipedia on the subject of factors and factoring.

Plaintiff also relies on her Affidavit, which describes her "intent" regarding the "loan contract" she admits making with her lender. She also claims she did not intend to make a loan contract subject to the UCC; that she intended that the Note and the Deed of Trust "stay together as a unit", that the contract be subject to the tax code; and that she intended to make sure various tax laws were applied to ensure she did not pay the Note more than once. She admits she cannot even speculate about whether various taxes are due as the result of the apparent sale of her Note or the foreclosure, though her supporting documents seem to suggest that she claims some tax impropriety on the part of the lenders.

Plaintiff also filed an affidavit of hardship in support of her contention that the foreclosure would have an immediate and adverse impact on her and upon her family.

**Discussion.**

The purpose of a TRO is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing [on the preliminary injunction application], and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423 (1974); *see also Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130-31 (9th Cir. 2006). To obtain a TRO or a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, ___ U.S. ___, 129 S. Ct. 365, 376 (2008).

Traditionally, injunctive relief was also appropriate under an alternative "sliding scale" test. *The Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008). However, the Ninth Circuit overruled this standard in keeping with the Supreme Court's decision in *Winter*. *American Trucking Ass'ns Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (holding that "[t]o the extent that our cases have suggested a lesser standard, they are no longer controlling, or even viable").

Even if the Court assumes, without deciding, that Plaintiff can establish that the elements of irreparable harm and public interest weigh in her favor, the Court must still be satisfied that Plaintiff has established that the balance of equities tips in her favor and that she is likely to succeed on the merits.

With respect to the former, it appears from Plaintiff's own filings that she has not paid on her mortgage since sometime prior to March 2010, as that is the date on the Notice of Trustee's sale attached to the Plaintiff's Amended Motion [Dkt. #5]. She attempts to raise a variety of technical defenses to the workings of the mortgage industry ("show me the note"); the tax consequences to the Defendants in foreclosing; and the legality and timing of the various transfers of the lender's security interest in his home. Plaintiff does not even attempt to address whether she did or did not borrow money to purchase her home, or whether she paid her obligations under the terms of the Note she now disputes. She states only that she disputes the

ORDER - 3

default, without describing, much less demonstrating, how she is not in default. The hardship Plaintiff's family will undoubtedly endure is a factor in favor of an injunction. But neither it, nor the suggested technical imperfections in the foreclosure process, count as equities on the Plaintiff's side of the ledger. The balance of equities weighs in favor of Defendants.

Nor has the Plaintiff made any showing, whatsoever, that she is likely to succeed on the merits. Indeed it is unclear from the complaint and the motions exactly what claims she is trying to assert. Plaintiff's admittedly speculative claims about potential tax consequences to the defendants have no bearing whatsoever on the validity of the Note or the foreclosure, and are not a "claim" upon which the Plaintiff could possibly prevail.

Because the Plaintiff is proceeding *pro se*, the Court extends some latitude to her pleadings. The Court nevertheless finds that the bulk of Plaintiff's arguments appear to rest on the assertion that Defendants are not her original creditors and therefore lack standing to foreclose on the mortgage at issue. However, as this Court has concluded previously, courts "have routinely held that [a defendants'] so-called 'show me the note' argument lacks merit." *Freeston v. Bishop, White & Marshall, P.S.*, 2010 WL 1186276 (W.D. Wash. 2010) (quoting *Diessner v. Mortgage Electronic Registration Systems*, 618 F. Supp. 2d 1184, 1187 (D. Ariz. 2009) (collecting cases)).

The Plaintiff has not met her burden to obtain a TRO or preliminary injunction. All Motions for such relief are therefore DENIED.

**IT IS SO ORDERED.**

Dated this 8th day of August, 2011.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE